**IN THE COURT OF APPEALS OF IOWA**

No. 23-0712
Filed July 13, 2023

**IN THE INTEREST OF R.B.,**
**Minor Child,**

**C.B., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Union County, Monty Franklin, District Associate Judge.

The father appeals from an order terminating his parental rights. **AFFIRMED.**

Shireen L. Carter of Shireen Carter Law Office, PLC, Norwalk, for appellant father.

Brenna Bird, Attorney General, and Mary A. Triick (until withdrawal) and Mackenzie Moran, Assistant Attorneys General, for appellee State.

Meggen Weeks, Afton, attorney and guardian ad litem for minor child.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

The father appeals the termination of his parental rights, asserting termination is not in the child's best interests and a permissive exception should preclude termination. We affirm, finding the child's best interests favor termination and the juvenile court did not err in declining to apply a permissive exception.

## I.    Background Facts and Proceedings

The child at issue came to the attention of the Iowa Department of Health and Human Services (HHS) in November 2021 upon concerns of domestic violence between the mother and father, the mother's abandonment of the child, and drug use by the mother and father. After the child tested positive for tetrahydrocannabinol (the psychoactive compound found in marijuana, better known as THC), he was removed from the parents' custody, placed with relatives, and adjudicated as a child in need of assistance (CINA).

The juvenile court ordered both parents to engage in substance-abuse therapy, mental-health services, a parenting assessment, and supervised visits with the child. The parents were also expected to resolve the two-way domestic-violence concerns and maintain a stable home. Both parents struggled with these requirements. Regarding drugs, the father first evaded further testing but later returned a sample testing positive for methamphetamine in February 2022, around the time of the CINA adjudication. The father engaged somewhat more consistently with the substance-abuse treatments later, but several tests found methamphetamine and one found THC in his system. He tested positive for methamphetamine as recently as January 2023 and for THC as recently as February 2023. The mother had similar drug-testing results. Both parents also

participated in mental-health services but never shared any updates on progress in therapy.

A permanency hearing was held in October 2022, and the court directed custody to remain with HHS. Reports indicated the father's visits with the child were going well, but the father continued to show an overall lack of progress with substance-abuse and mental-health treatment, as well as an inability to secure a stable income or provide a stable home. His efforts to engage other services were also limited.

In January 2023, the State filed a petition to terminate the parental rights of both parents, and the juvenile court did so. Only the father appeals.

## II.      Standard of Review

"We review termination proceedings de novo." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "The primary interest in termination proceedings is the best interests of the child." *Id.*

## III.     Discussion

The father concedes the State proved at least one statutory ground for termination, but he asserts on appeal that termination is not in the best interests of the child and a permissive exception should preclude termination. We disagree with both arguments and affirm.

The father first argues that termination is not in the child's best interests, pointing out he has engaged in mental-health and substance-abuse treatment and has spent time with his child. We disagree and find that termination is in the child's best interests.

When determining best interests, we give primary weight to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental and emotional conditions and needs of the child." Iowa Code § 232.116(2) (2023). These factors all weigh in favor of termination. Over the lifetime of this case, the father has engaged with some drug-treatment services, but he continued to test positive for THC and methamphetamine, which placed the child directly in harm's way. *See In re J.S.*, 846 N.W.2d 36, 42 (Iowa 2014) (finding a parent's active addiction to methamphetamine is imminently likely to harm their child). The father also has not shown any progress surrounding mental-health treatment or his domestic-violence concerns, which weighs against him. *See In re M.M.G.C.*, No. 10-1478, 2010 WL 4485692, at *2 (Iowa Ct. App. Nov. 10, 2010) (finding a parent's unaddressed mental-health issues weighed against the best interests of the child). Last, the father has been unable to secure stable income or housing. All of these factors contrast with the child's current placement within a safe, stable household in which he is well-bonded with the caregivers. This placement is the best present option for the child's well-being, safety, and future growth. *See* Iowa Code § 232.116(2). We find the best interests of the child support termination and affirm on this issue.

The father next argues for the application of a permissive exception under Iowa Code section 232.116(3), specifically that a relative has legal custody. The father argues the court should have implemented a guardianship to help preserve the parent-child relationship. We assume without deciding that the father preserved error on this claim and proceed to the merits.

Assuming the permissive-exception claim is before us, we reject it on the merits. While placement here is with a relative, "this exception can come into play only when a relative has '*legal custody*.'" *In re A.B.*, 956 N.W.2d 162, 170 (Iowa 2021) (quoting Iowa Code 232.116(3)(a)) (emphasis added). As this relative does not have legal custody over the child, the exception does not apply. Even if the exception did apply, our case law recognizes a guardianship is "not a legally preferable alternative to termination." *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017). The father bears the burden to prove the application of this permissive exception. *See In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). To the extent we need to reach the issue, we conclude the father has not carried his burden, given his continued substance abuse and failure to fully engage with services and court expectations. The best interests of the child demand termination for the reasons discussed above, and "[t]he child's best interests always remain the first consideration." *Id.* (citation omitted).

## IV.     Disposition

We find termination is in the child's best interests, reject the application of a permissive exception to the extent that issue is before us, and affirm the juvenile court.

**AFFIRMED.**